IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY VOLBRECHT,)
)
    Plaintiff,)
)
    v.) Civil Action No. 16-535
)
)
CAROLYN W. COLVIN, ACTING)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

O R D E R

AND NOW, this 28th day of September, 2017, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on October 19, 2016,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on September 19, 2016,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**     **Background**

On October 3, 2012, Gary Volbrecht protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that he became disabled on October 2, 2011, due to arthritis in his knees and

1

right ankle, severe damage to his lower extremities, high blood pressure, anxiety and depression. (R. 169).

After being denied initially on March 14, 2013, Plaintiff sought, and obtained, a hearing on March 18, 2014, before an Administrative Law Judge ("ALJ"). (R. 23-51). In a decision dated May 23, 2014, the ALJ denied Plaintiff's request for benefits. (R. 8-22). The Appeals Council declined to review the ALJ's decision on February 29, 2016. (R. 1-7). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110,

114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must

proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III.  The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since October 3, 2012. (R. 13). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, osteoarthritis, degenerative disc disease of the cervical spine, status post left patella fracture and

right femur fracture, and anxiety. (R. 13). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 13).

The ALJ next found that Plaintiff retains the RFC to perform sedentary work, except that he requires a sit/stand option, can only perform unskilled, low stress jobs that do not require interaction with the public and no more than minimal interaction with co-workers, and is limited to jobs requiring little decision-making and routine repetitive jobs that require only occasional supervision. (R. 15-17). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, so he moved on to Step Five. (R. 17). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs exist in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as document preparer, phone order clerk, and telephone solicitor. (R. 18-19, 47-48). Accordingly, the ALJ found that Plaintiff is not disabled. (R. 19).

## IV. Legal Analysis

Plaintiff's sole argument as to why he believes that the ALJ erred in finding him to be not disabled is that his RFC is not supported by substantial evidence because the ALJ did not properly consider the opinion of treating orthopedist Derek J. Thomas, M.D. (R. 739-43). More specifically, Plaintiff contends that the ALJ did not provide an adequate explanation for his evaluation of Dr. Thomas's opinion, to which he gave "little weight" in making his RFC determination. (R. 17). The Court agrees and finds that, because the ALJ failed to address adequately the opinion of Dr. Thomas, the Court cannot find that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Moreover, the opinion of a claimant's treating physician is generally to be afforded significant weight. See Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. In fact, the regulations provide that for claims such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less

weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

In his markedly brief discussion of Dr. Thomas's opinion, the ALJ noted that Dr. Thomas indicated that Plaintiff would miss 2 days of work each month, could rarely crouch, squat, climb, or lift less than 10 pounds, and could not stand and walk for more than 2 hours. (R. 17, 739-43). As Plaintiff points out, Dr. Thomas's opinion provides for greater restrictions than those contained in the RFC formulated by the ALJ. (R. 15, 739-43). Nevertheless, in explaining why he afforded that opinion little weight, the ALJ curtly stated only that "[t]he assessment of Dr. Thomas, who sees the claimant only annually, is contrary to the medical record." (R. 17).

In making this general assertion that Dr. Thomas's opinion is not supported by "the medical record," however, the ALJ does not make reference to any particular evidence to support his rejection of the limitations contained in that opinion. The ALJ's vague reference to "the record" does not indicate whether the doctor's own treatment notes fail to support his opinion, whether other specific medical evidence of record is contrary to that opinion, or whether the ALJ is relying on some other evidence to make his determination. Since the ALJ provided no further explanation as to the particular evidence upon which he relied in reaching his conclusions regarding Dr. Thomas's opinion, the Court finds that the ALJ's decision lacks adequate discussion and clarity to explain his findings in this regard, and the Court is therefore unable to discern the basis for his decision. Thus, the Court concludes that the ALJ's RFC analysis is simply insufficient to permit meaningful review.[1]

---

[1] Additionally, the Court notes that, while Plaintiff had two appointments approximately one year apart with Dr. Thomas during the relevant period, and although Dr. Thomas described his frequency of contact with Plaintiff as "yearly" at the time he wrote his opinion, the record does in fact include treatment notes from additional appointments during the year prior to the relevant period, which indicate somewhat more frequent contact with Dr. Thomas. (R. 700, 701,

7

Accordingly, since the ALJ failed to explain adequately his reasons for rejecting Dr. Thomas's opinion, it is not clear to the Court whether the ALJ's decision in this regard was based on substantial evidence. While the ALJ was certainly not required simply to adopt all of the findings of Dr. Thomas, he was required to explain sufficiently his rationale for rejecting those limitations if he chose to do so. Remand is therefore required to allow for further discussion regarding the ALJ's reasons for giving "little weight" to the opinion of Dr. Thomas, including his findings that Plaintiff would miss work 2 days per month, can only rarely crouch, squat, climb, or lift less than 10 pounds, and cannot stand or walk for more than 2 hours.

Additionally, the ALJ should, of course, ensure that proper weight be accorded to the various other opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. The Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V.    Conclusion

In short, the ALJ's analysis simply does not permit the Court to determine whether his formulation of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

---

708, 710, 762). Regardless, the ALJ's comment that Dr. Thomas saw Plaintiff "only annually" does not remedy the fact that his reasoning for rejecting Dr. Thomas's opinion is unclear to the Court.

s/ Alan N. Bloch
                                                            United States District Judge

ecf:		Counsel of record